## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN VARGAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 19 C 8513 |
| v. | ) | |
| | ) | |
| LAVA TRANSPORT, LLC, AND | ) | Judge Thomas M. Durkin |
| FRANCISZEK STUDZINSKI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this action by plaintiff Martin Vargas for negligence against Lava Transport, LLC and Franciszek Studzinski (individually, "Lava" and "Studzinski," and together, "Defendants"), Mr. Vargas moves to amend his complaint to add For 77 Transport ("77 Transport") as a defendant. R. 34. For the following reasons, that motion is granted and this case is remanded to state court.

### Background

This cases arises out of a September 20, 2018 traffic accident in which Mr. Vargas alleges that Studzinski was operating a commercial tractor trailer when he caused that vehicle to collide with Mr. Vargas's personal vehicle, resulting in serious injuries to Mr. Vargas.

Mr. Vargas originally filed a two-count complaint in the Circuit Court of Cook County in October 2019 against both Studzinski and Lava, a Federally-licensed motor carrier on whose behalf Mr. Vargas contended Studzinski was driving, alleging: (1) negligence as to Studzinski and to Lava under a theory of *respondeat superior* (Count

I); and (2) negligent employment practices as to Lava (Count II). R. 1, Ex. 1. Defendants removed the case to this District pursuant to diversity jurisdiction that December, as Mr. Vargas is a citizen of Illinois and Defendants are both Indiana citizens. R. 1. The case was assigned to this Court. Defendants thereafter answered Count I. In so doing Lava conceded that it was Studzinski's employer, and that it was responsible for Studzinski's conduct under a theory of vicarious liability. R. 9. But for that same reason Defendants moved to dismiss Count II, arguing that a plaintiff injured in a motor vehicle accident cannot maintain a separate cause of action against the driver's employer for negligent employment practices where the employer admits responsibility under a theory of *respondeat superior*. R. 11 at 3 (citing *Gant v. L.U. Transport, Inc.*, 770 N.E. 2d 1155, 1159 (Ill. App. Ct. 2002)). Mr. Vargas thereafter voluntarily dismissed Count II.

Now, after learning in discovery that Studzinski was "driving for his company [77 Transport] at the time of the crash," Mr. Vargas seeks to amend his complaint to join 77 Transport as a defendant. R. 34. Defendants oppose the amendment, arguing that fraudulent joinder precludes it, because adding 77 Transport would destroy diversity without a basis for liability. R. 39. Defendants submitted with their brief an independent contractor agreement between Lava, as carrier, and 77 Transport, as contractor (the "Agreement"). R. 39, Ex. A. That Agreement—which is signed by Studzinski in his capacity as 77 Transport's president—generally obligates 77 Transport to provide professional truck driving services through its drivers in exchange for compensation. *Id.*

2

## Standard

For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete' meaning that no plaintiff may be a citizen of the same state as any defendant." *Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1314-15 (7th Cir. 1994) (quoting *Fidelity & Deposit Co. of Md. v. Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983)). Accordingly, when a plaintiff seeks to join a non-diverse defendant after removal from state court, 28 U.S.C. § 1447(e) applies and provides that a district court may either: (1) deny joinder; or (2) permit joinder and remand the action to state court. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (citing *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1486 (7th Cir.1996)). "These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Id.* (emphasis in original). In considering whether to permit such post-removal joinder in its discretion, a district court is to weigh the following factors: "1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; 2) the timeliness of the request to amend; 3) whether the plaintiff will be significantly injured if joinder is not allowed; and 4) any other relevant equitable considerations." *Id.*

## Analysis

### I.    Mr. Vargas's Motive

Plaintiffs are generally given wide latitude to choose their own forum but "may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Id.* at 763.

3

The fraudulent joinder doctrine—which is neither directly applicable nor dispositive in the post-removal context—provides a helpful tool for scrutinizing a plaintiff's motive in seeking joinder. *Id.* at 763-64. Removing defendants that seek to invoke it bear the "heavy burden" of demonstrating that "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* at 764 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in the original)). In other words, the district court must determine whether there is "any reasonable possibility" that the plaintiff could prevail against the non-diverse defendant under the applicable state law. *Id.* (quoting *Poulos,* 959 F.2d at 73). In making this assessment, the Court may "pierce the pleadings" and consider "summary judgment-type evidence." *Veugeler v. General Motors Corp.*, 1997 WL 160749, at *2 (N.D. Ill. Apr. 2, 1997) (quoting *Peters v. AMR Corp.*, 1995 WL 358843, at *3 (N.D. Ill. June 13, 1995)) (internal quotation marks omitted).

Defendants claim that there is no possibility that Mr. Vargas could prevail against 77 Transport, going so far as to contend that there are no questions of law or fact common to 77 Transport and Defendants to support joinder under Federal Rule of Civil Procedure 20. Defendants argue that "for all practical purposes, Studzinski was the individual furnished to Lava" under the Agreement. R. 39 at 3. But it is 77 Transport, not Studzinski, that is party to the Agreement, and the Agreement contemplates the possibility of drivers other than Studzinski. *See, e.g., id.*, Ex. A at 5 (noting that 77 Transport "shall provide competent professional drivers," and that if

4

Lava disqualifies a driver furnished by 77 Transport, 77 Transport shall "furnish another competent, reliable and qualified professional driver"). And despite Defendants' urging, the Court is hard-pressed to conclude that 77 Transport is not a proper party for the additional reason that the allegations in the proposed amended complaint as to it mirror those against the other Defendants, and concern the same traffic accident. *See* Fed. R. Civ. P. 20(a)(2) (indicating that a defendant may be joined with others where any right to relief asserted against them arises from the same "transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action"); *see also Papachristos v. Hilton Mgmt., LLC*, 2015 WL 1094852 (N.D. Ill. Mar. 10, 2015) (collecting cases allowing joinder under Rule 20 even where defendants' allegedly negligent acts occurred at different times and places).

Defendants nevertheless insist that 77 Transport cannot be liable because Studzinski was operating on behalf of Lava, not 77 Transport, pointing out that Defendants' answer admits that Studzinski was "acting within the course and scope of his employment with defendant LAVA," and therefore "his actions and omissions" were "the actions and omissions of defendant LAVA, under the doctrines of *Respondeat Superior* and Vicarious Liability." R. 9 ¶ 10. But Defendants' admission in no way prevents Mr. Vargas from seeking relief from the Agreement's signatory 77 Transport. And Defendants again ignore the Agreement that has since come to light, which in many ways implies 77 Transport's potential liability and undermines LAVA's assertion of *respondeat superior* liability. For instance, the Agreement is

5

entitled "Independent Contractor Agreement." It reflects that 77 Transport is to furnish drivers (like Studzinski) to Lava, and repeatedly disclaims that any employment relationship exists between the parties (let alone between Studzinski and Lava), is signed by Studzinski in his capacity as 77 Transport's agent and does not otherwise mention him, and refers to 77 Transport's drivers as *its* employees, referring at length to 77 Transport's exclusive role in directing and controlling them. *See e.g.*, R. 39, Ex. A ¶ 14 (stating that 77 Transport "is not an employee of [Lava]," and that 77 Transport "assumes full control and responsibility for the selection, training, hiring, setting of grooming and dress standards, disciplining, discharging, setting of hours, wages and salaries, providing for unemployment insurance, state and federal taxes, fringe benefits, workers' compensation, adjustment of grievances, all acts and omissions, and all other matters relating to or arising out of [77 Transport's] use or employment of drivers and laborers, and any and all other employees or agents . . . that [77 Transport] may provide or use to perform any aspect of this Agreement.").

Finally, Defendants make much of the fact that the proposed amended complaint refers to Lava as being a Federally-licensed motor carrier, but does not refer to 77 Transport in that same way. According to Defendants, this means that Lava is exclusively liable for the actions of Studzinski under the Federal Motor Carrier Safety Administration ("FMCSA") regulations, which define an "employee" for whose conduct a motor carrier may be liable to include independent contractor drivers (and thus potentially Studzinski). *See* 49 CFR § 390.5. But for the reasons

6

discussed and on this limited argument the Court is not prepared at this early stage to hold that Mr. Vargas may obtain relief solely from Lava, where the Agreement is by and between Lava and 77 Transport, and 77 Transport clearly contracted to control its drivers.[1] *See Nasca v. Swissport Cargo Servs., Inc.*, 2011 WL 6136616, at *4 (N.D. Ill. Dec. 8, 2011) (fact that plaintiff had yet to present evidence of potential new defendant's liability did not preclude its joinder); *see also Delfosse v. Continental Cas. Co.,* 2011 WL 2601277, at *2 (E.D. Wis. June 30, 2011) ("The purpose of the fraudulent joinder analysis . . . is not to conclusively resolve a claim on its merits but to assess whether there is any plausible basis for the claim being brought at all."); *Campbell v. LaFarge N. Am.,* 2009 WL 4674121, at *2 (N.D. Ind. Dec. 8, 2009) (equities weigh in favor of granting plaintiff's motion to amend despite that newly joined defendants may have to defend what ultimately prove to be meritless claims against them).

There is also no indication that Mr. Vargas is seeking to join a non-diverse party "without additional discovery providing a legitimate reason for doing so." *WG Techs., Inc. v. Thompson,* 2013 WL 1943310, at *3 (N.D. Ill. May 8, 2013) (internal quotations omitted) (citing *Schur,* 577 F.3d at 767). To the contrary, and as discussed, Mr. Vargas claims that he learned of 77 Transport's existence only via discovery, and

---

[1] And the Court notes that the very same "employee" definition has been construed as pertaining to individuals only, not entities. *See Brown v. Temain*, 2010 WL 5391578, at *4 (N.D. Ind. Dec. 22, 2010) (holding that lessor entity "was not, by statutory definition, [the carrier's] employee because it is not an individual") (collecting cases).

the Agreement provides a more than sufficient basis for further inquiry as to its involvement. *See* R. 40 at 5. Accordingly, the Court cannot conclude that Mr. Vargas is motivated to join 77 Transport solely for purposes of destroying diversity, and the first factor thus favors joinder.

## II.     Timeliness

Mr. Vargas's motion also is timely. Indeed, Mr. Vargas asserts that this motion was filed less than 30 days of his having learned of 77 Transport's existence through Defendants' discovery responses. R. 40 at 5. And he notes that he filed his motion to amend almost six months before the January 20, 2021 Court-ordered deadline for amending the pleadings. R. 30. Defendants make no argument otherwise or at all as to this factor. The Court finds nothing suspicious or dilatory about the timing of the proposed amendment, and this factor also weighs in favor of joinder.

## III.    Injury to Plaintiff if Joinder is Not Allowed; Other Equitable Considerations

Plaintiff contends that he could be injured if joinder of 77 Transport is not allowed, because Lava could seek to avoid liability by placing blame on 77 Transport, and because 77 Transport may have additional insurance coverage beyond Lava's if Lava's insurance coverage is insufficient to fully compensate Plaintiff for his injuries. R. 40 at 5. Defendants make no argument on this factor, and nor do they argue that they would be prejudiced by this matter proceeding in state court. And while Mr. Vargas fails to acknowledge that he may file separate litigation against Transport 77 in state court, the Court notes that parallel litigation would be more costly for him and an unnecessary drain on judicial resources, and that the two-year statute of

8

limitations for filing such a suit expires within a matter of days. *See Nasca*, 2011 WL 6136616 at *6 ("the risk of Plaintiff not being able to sue [potential defendant] at a later point in time, should the evidence reveal that [it] bears responsibility for his injury, weighs strongly in favor of granting his motion"); *see also Perez v. Arcobaleno Pasta Machs., Inc.,* 261 F. Supp. 2d 997, 1002 (N.D. Ill. 2003) (defendant's "interest in the federal forum" does not outweigh the plaintiff's "interest in full recovery"). Moreover, the Court concludes that the Circuit Court of Cook County is well-equipped to handle this matter, which concerns only state law. This factor, too, favors joinder.

*       *       *       *       *

In sum, because the Court cannot conclude that Mr. Vargas seeks to amend his complaint to add 77 Transport solely to defeat diversity, Mr. Vargas's motion is timely, and allowing the case to proceed without 77 Transport may cause injury to Plaintiff (and would not prejudice Defendants), joinder of 77 Transport is proper.

## Conclusion

For the foregoing reasons, Mr. Vargas's motion to amend his complaint to add 77 Transport as a defendant, R. 34, is granted, and this case is remanded to the Circuit Court of Cook County for lack of diversity.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: September 10, 2020